UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-902-GW(PLAx) | Date | April 2, 2018 |
| Title | *Everyday Discount, Inc. v. State Farm Gen. Ins. Co.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING MOTION TO REMAND AND VACATING HEARING**

The Court has reviewed the papers filed in support of the motion to remand filed by plaintiff Everyday Discount, Inc. ("Plaintiff"), the papers filed in support of the opposition of defendant State Farm General Insurance Company ("Defendant"), and the papers filed in support of Plaintiff's reply. The Court vacates the April 9, 2018, hearing set for this motion, *see* C.D. Cal. L.R. 7-15, and denies the motion for the reasons set forth below.

This lawsuit was filed on October 2, 2017, in the Los Angeles Superior Court. *See* Docket No. 1-2. Defendant removed the case to federal court on February 5, 2018, asserting diversity jurisdiction. *See* Docket No. 1. In its Motion to Remand, Plaintiff contends the removal was procedurally defective because Defendant was aware of the alleged basis for federal jurisdiction well before the case being filed in state court. *See* Docket Nos. 9, 11. Defendant opposes the Motion to Remand in part by observing that:

> Federal law provides for two 30-day windows during which a case may be removed: (1) during the first 30 days after the defendant receives the initial pleading, which discloses the basis for removal jurisdiction; and (2) within 30 days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if the case stated by the initial pleading is not removable. 28 U.S.C. §1446(b) .
> . . .

Plaintiff does not argue here that the face of its Complaint revealed a basis for federal jurisdiction. Nor could it, as that document said nothing about Plaintiff's state of incorporation or principal place of business, and revealed nothing about the amount-in-controversy. *See* Docket No. 1-2. Instead, Plaintiff's argument for remand is that Defendant was aware of the prerequisites for this Court's

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-902-GW(PLAx) | Date | April 2, 2018 |
|---|---|---|---|
| Title | *Everyday Discount, Inc. v. State Farm Gen. Ins. Co.* | | |

jurisdiction pursuant to 28 U.S.C. § 1332 because of information Defendant learned, *pre-litigation*, in the course of investigating Plaintiff's insurance claim. With that knowledge in its possession and Defendant not having removed the case within 30 days of the Complaint being served upon it, Plaintiff believes the matter must be remanded.

Removing defendants are under no obligation to investigate the facts necessary for establishing federal jurisdiction. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694, 696-97 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin'l Servs. NA LLC*, 707 F.3d 1136, 1139, 1141 (9th Cir. 2013); O'Connell & Stevenson, Federal Civil Procedure Before Trial (2017), §§ 2:3231, 3235, at 2D-151 – 152. Rather, that information must either appear on the face of the plaintiff's state-court complaint or must be contained in documents transmitted to defendants during the course of the litigation. *See* 28 U.S.C. § 1446(b)(1), (3) (providing for removal within 30 days of receipt of copy of the initial pleading or within 30 days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *see also Kuxhausen*, 707 F.3d at 1142 ("[W]e have held that 'other paper' does not embrace 'any document received prior to receipt of the initial pleading.' Because Kuxhausen's demand letter was provided to BMW before she initiated her suit, it cannot trigger [the second] thirty-day period [under § 1446(b)].") (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010)); *Carvalho*, 629 F.3d at 885 ("It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as 'other paper' a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal 'be filed within thirty days after receipt by the defendant' of the 'other paper' would be nonsensical."); O'Connell & Stevenson, Federal Civil Procedure Before Trial (2017), §§ 2:3315-3324, at 2D-162 – 165.

Holding Defendant to knowledge it learned pre-litigation runs afoul of both of these principles – it would look to Defendant's subjective knowledge and/or require it to conduct its own independent investigation, *and* it would look to material that was exchanged *before the lawsuit had even been filed*. *See* O'Connell & Stevenson, Federal Civil Procedure Before Trial (2017), § 2:3323.5, at 2D-165. *Harris*, *Carvalho* and *Kuxhausen* – all binding Ninth Circuit decisions – reject that approach. While, as Plaintiff argues, a deposition transcript may indeed serve as an "other paper," Plaintiff has not directed the Court to any case holding that a *pre-litigation* deposition transcript may so serve (and any such decision would conflict with Ninth Circuit authority, as described above).

As this "untimely removal" position is Plaintiff's only argument on this motion to remand, the Court denies the motion.

_____ : _____

Initials of Preparer   JG